IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**ADALBERTO OROZCO CONTRERA**                                               **PETITIONER**

**v.**                                                    **CIVIL ACTION NO. 5:19-cv-26-DCB-MTP**

**WARDEN S. GILLIS**                                                        **RESPONDENT**

## REPORT AND RECOMMENDATION

BEFORE THE COURT is the Petition for a Writ of Habeas Corpus [1] pursuant to 28 U.S.C. § 2241 filed by Adalberto Orozco Contrera. Having considered the submissions of the parties and the applicable law, the undersigned recommends that the Petition be denied and this action be dismissed without prejudice.

## BACKGROUND

On February 6, 1995, Petitioner was convicted of drug trafficking and sentenced to 350 months in custody. *See* [8] at 1-2. On April 5, 2019, at the time he filed his Petition [1], Petitioner was incarcerated at the Adams County Correctional Center ("ACCC"). Petitioner argues that he was wrongfully deprived of 54 days of good conduct time for each year of his sentence.[1] *See* [2] at 4. On July 30, 2019, Respondent filed his Response [8] arguing that the Petition [1] should be dismissed because Petitioner failed to exhaust his administrative remedies prior to filing this action.

---

[1] Petitioner's claim for 54 days per year of his sentence arose from the First Step Act of 2018, Pub. L. 115-391 which took effect in July of 2019. *See* [8] at 4-5, n. 1. The BOP awarded Petitioner a full 54 days for each year he was in custody and released Petitioner on July 19, 2019. *See* [8-3].

## ANALYSIS

Prior to seeking habeas relief pursuant to 28 U.S.C. § 2241, a federal inmate must exhaust his administrative remedies through the Bureau of Prisons ("BOP"). *Rourke v. R.G. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993); *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). The exhaustion requirement is not satisfied by "filing an untimely or otherwise procedurally defective grievance or appeal" because "proper exhaustion of administrative remedies is necessary." *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006); *see also Herrera-Villatoro v. Driver*, 269 Fed. App'x. 372 (5th Cir. 2008). There are exceptions to the exhaustion requirement, but these exceptions only apply in "extraordinary circumstances." *Broderick v. Chapman*, 364 Fed. App'x. 111, 112 (5th Cir. 2010). "'Exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action.'" *Fuller*, 11 F.3d at 62 (quoting *Hessbrook v. Lennon*, 777 F.2d 999, 1003 (5th Cir. 1985)). A petitioner seeking waiver of the exhaustion requirement bears the burden of demonstrating the futility of administrative review. *Id*.

Respondent, citing 28 C.F.R. § 542.10 *et seq.*, points out that the BOP has a multi-step administrative process for resolving prisoner complaints. *See* [8] at 3. The final step in the grievance process is an appeal to the BOP's Office of General Counsel. Respondent asserts that Petitioner "never filed any administrative remedies with the BOP." *See* [8-1] at 3. Respondent attached as Exhibit B a document that states "NO REMEDY DATA EXISTS FOR THIS INMATE." *See* [8-2].

Petitioner admits that did not attempt to pursue a remedy under the administrative procedures. *See* [2] at 5.  However, Petitioner argues that filing an administrative remedy would be "futile." *Id*.

As previously explained, prisoners are required to exhaust administrative remedies in a procedurally correct manner.  "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford*, 548 U.S. at 90-91; *see also Metrejean v. Upton*, 2012 WL 3288678, at * 3 (E.D. Tex. Mar. 27, 2012) ("Administrative remedies must be fully exhausted in a procedurally correct manner."); *Glaude v. Longley*, 2012 WL 5335296, at *2 (S.D. Miss. Oct. 1, 2012) ("an inmate cannot satisfy the exhaustion requirement by filing an untimely or otherwise procedurally defective administrative grievance or appeal").  Petitioner did not comply with the BOP's administrative procedural rules and instead attempted to forgo the administrative process and file his claim directly in federal court. *See* [2] at 5.

Additionally, Petitioner failed to demonstrate that extraordinary circumstances excuse his failure to exhaust administrative remedies. *See Fuller*, 11 F.3d at 62.  Petitioner's vague and conclusory assertion that filing an administrative remedy at ACCC "[w]ould be futile" does not demonstrate that the administrative remedies were unavailable or ineffective. *See Cole v. Upton*, 2012 WL 928312, at *3 (E.D. Tex. Feb. 22, 2012); *Brown v. Young*, 2009 WL 666945 at *3 (W.D. La. Feb. 3, 2009).  The BOP should have an opportunity to consider Petitioner's claim, and consider possible relief, prior to Petitioner's pursuit of his claim in this Court. *See Buckley v. Pearsons*, 2011 WL 3022539, at *1-2 (S.D. Miss. May 25, 2011); *Champkungsing v. United States*, 2010 WL 3120044 (S.D. Miss. Aug. 4, 2010); *Braddy v. Fox*, 2014 WL 3884251, at *2

(E.D. Tex. Aug. 7, 2014). As Petitioner has failed to properly exhaust his administrative remedies, his Petition should be dismissed.

## RECOMMENDATION

For the reasons stated above, the undersigned recommends that the Petition for Writ of habeas Corpus [1] be DENIED and that this action be DISMISSED without prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 11th day of December, 2020.

                                                            s/Michael T. Parker
                                                            UNITED STATES MAGISTRATE JUDGE